IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEVORE, | ) | CASE NO. 1:15-cv-02099 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MICHELE MILLER, Warden, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner James Devore ("Petitioner" or "Devore"), acting *pro se*, filed this habeas

corpus action pursuant to 28 U.S.C. § 2254 ("Petition") on October 8, 2015.  Doc. 1.  Devore

challenges the constitutionality of his conviction and sentence in *State of Ohio v. Devore*, Case

No. 2013 CR 0237 (Richland County).  Doc. 1.

In May 2013, Devore was indicted on 15 counts: three counts of menacing by stalking;

two counts of retaliation; one count of obstructing official business; two counts of illegal

conveyance of drugs of abuse onto the grounds of a specified governmental facility; three counts

of intimidation of attorney, victim, or witness in criminal case, two counts of tampering with

evidence; and two counts of obstructing justice.  Doc. 7-2, pp. 1-6.  During the pendency of his

jury trial, on August 2, 2013, Devore chose to withdraw his not guilty plea and pleaded guilty to

seven counts: menacing by stalking; retaliation; obstructing official business, illegal conveyance

of drugs into specified governmental facility, intimidation of victim, tampering with evidence,

and obstructing justice.  Doc. 7-2, pp. 8-9; Doc. 7-3, pp. 4-8.  The remaining counts were

dismissed. Doc. 7-3, pp. 7-8. On August 5, 2013, the trial court sentenced Devore to a total of seven years in prison.[1] Doc. 7-4, pp. 12-13.

Devore's Petition asserts one ground for relief. Doc. 1. This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons set forth herein, the undersigned recommends that the Court **DISMISS** and/or **DENY** Devore's Petition as procedurally defaulted and/or not cognizable on federal habeas review (Doc. 1).

## I.    Factual Background

During the August 2, 2013, plea hearing, the trial court discussed Devore's offenses, stating:

> … The first charge against you is menacing by stalking. The allegations are that on March the 4th you sent various text messages to the victim in this case, who would be Corina Brady. Those text messages included such things as, "Okay, you watch and be surprised if you get run off the road, if you make the road." "Don't matter what you know, it's what you can prove, smart ass, I will be miles away." And also, "Now it's my turn to dish the pain and not give a fuck. Trust you going to regret it the rest of your life, at least your family will. I might even shoot you." Another text, "Hope he is with you when the time comes."
>
> ***
>
> You are charged next with retaliation. There are a couple of messages you sent that same date, they had to do with you being upset with her because she had been responsible for the misdemeanor conviction for aggravated menacing that you received. There were text messages that dealt with that specifically including you threatening that you would kidnap her and have your friends gang bang her and so forth before you killed her.
>
> ***
>
> You are charged next with obstructing official business, I believe it is. That is the allegation that on the day your probation officer told you to come in to see him you went to New Jersey.
>
> ***
>
> The fourth charge against you is illegal conveyance of drugs into a detention facility. That would have to do with your arranging through a couple of folks, Lori Cortez,

---

[1] Certain sentences were run consecutive and certain sentences were run concurrent. Doc. 7-4, pp. 12-13.

and I believe it was Dexter Moore, to take drugs and put them in the municipal building so that when you were there you would be able to pick them up in the bathroom and take them back into the jail. Those drugs included marijuana.

\*\*\*

[Y]ou are charged with aiding and abetting, which means you set the deal up, you had Lori buy the stuff, you had her give it to Dexter Moore, and Dexter Moore put it under the trash can. So that means you are an aider and abetter, you're the one that set that up.  An aider or abetter or person who helps arrange something, helps plan and execute a plan is as guilty as if he did every detail.

\*\*\*

The fifth type of crime charged against you is intimidation. The allegations in that case are that on May 3rd you wrote a letter to Lori White-Cortez which told her to use the phones to intimidate, and then throw the phones away, and then set out the plan to intimidate. There were six separate text messages where you set out to intimidate her. That was the letter of May the 3rd. There was also a letter of April the 26th which says, "Have Taylor kick her ass," also, "Have Taylor cut her face with a box cutter." Those are things to intimidate the victim from testifying.

\*\*\*

Count 12 is the next one, it's tampering with evidence. That's where your letter was to Lori that she use drop phones and then throw them away so they couldn't be traced or found in the use of the prosecution of you.

\*\*\*

The last charge against you is obstructing justice… That has to do with State's Exhibit 11, in which you told your son, it was a letter to your son, you told him to lie to the victim and try to get her convinced to change her story, to refuse to testify, whatever you could do to discourage her testifying against you…

Doc. 7-3, pp. 8-12.

## II.       Procedural Background

### A.       State Conviction and Sentencing

In May 2013, a Richland County Grand Jury indicted Robinson on 15 counts: three counts of menacing by stalking (Counts 1-3); two counts of retaliation (Counts 4-5); one count of obstructing official business (Count 6); two counts of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility (Counts 7-8); three counts of intimidation of

attorney, victim, or witness in criminal case (Counts 9-11); two counts of tampering with evidence (Counts 12-13); and two counts of obstructing justice (Counts 14-15).  Doc. 7-2, pp. 1-6.  Devore pleaded not guilty in May 2013.  Doc. 7-2, p. 7.

During the pendency of his jury trial, on August 2, 2013, Devore withdrew his not guilty plea and pleaded guilty to Counts 1, 4, 6, 7, 9, 12, and 15.  Doc. 7-2, pp. 8-9; Doc. 7-3, pp. 4-8. The remaining eight counts were dismissed.  Doc. 7-2, pp. 8-9; Doc. 7-3, pp. 7-8.

During the plea hearing, the trial court asked Devore if anyone had promised him anything in exchange for his plea other than dismissal of the eight counts that Devore was not pleading guilty to.  Doc. 7-3, p. 15:5-7.  Devore responded, "No. Well, he promised he wouldn't ask for the maximum amount of time."  Doc. 7-3, p. 15:8-9.  The trial court inquired of the prosecutor as to whether that was correct and the prosecutor responded, "No such promise, Your Honor.  As I said to his attorney, typically I usually ask for a prison sentence, especially in his case, but without a specified number of years.  I did not promise him that I would not ask for the maximum."  Doc. 7-3, p. 15:10-15.  As part of the signed Admission of Guilt/Judgment Entry, Devore acknowledged that the maximum sentence in his case was 15 years, 6 months.  Doc. 7-2, p. 8.  Devore also acknowledged "parties to argue sentence."  Doc. 7-2, p. 9.  The trial court accepted Devore's guilty plea and scheduled the matter for a sentencing hearing on August 5, 2013.  Doc. 7-2, pp. 8-9; Doc. 7-3, pp. 15-16.

At the August 5, 2013, sentencing, the trial court sentenced Devore to: 18 months on Count 1 (menacing by stalking); 36 months on Count 4 (retaliation); 12 months on Count 6 (obstructing official business); 36 months on Count 7 (illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility); 36 months of Count 9 (intimidation of attorney, victim, or witness in a criminal case); 12 months on Count 12 (tampering with

evidence); and 10 months on Count 15 (obstructing justice).[2]  Doc. 7-2, pp. 10-12; Doc. 7-4, pp.

12-13.  The trial court ordered consecutive sentences on Counts 4, 6 and 7, and concurrent

sentences on all other counts.  Doc. 7-2, p. 11; Doc. 7-4, p. 13.  The trial court imposed

consecutive sentences based on its finding that:

> [C]onsecutive sentences are necessary to protect the public from future crime or
> to punish the offender, and consecutive sentences are not disproportionate to the
> seriousness of the offender's conduct and to the danger the offender poses to the
> public and because:
>
> > The offender committed one or more of the offenses while under a
> > community control sanction or PRC for a prior offense and while
> > in prison for a new offense.

Doc. 7-2, p. 11; Doc. 7-4, p. 13.

The trial court also ordered Devore to pay $1,440.00 for extradition from New Jersey

and $230.00 to the victim as restitution.  Doc. 7-2, p. 12; Doc. 7-4, p. 12.

Devore did not file a timely appeal from his conviction and sentence.

## B.  Motion to Withdraw Guilty Plea

On September 3, 2013, Devore, acting *pro se*, filed a motion to withdraw plea pursuant to

Ohio Crim. R. 32.1.  Doc. 7-2, pp. 13-15.  In Devore's affidavit filed  in support of his motion to

withdraw plea, Devore claimed that he felt he was "coerced into taking a plea, due to the fact my

[attorney] was not prepared and ineffective in trial."  Doc. 7-2, p. 14.  Devore also claimed that

he thought "there was a conflict of interest [because] the prosecutor brought up a murder that

[he] was never charge[d] with, it was done at pre-trial[,] at trial by witness and at sentencing and

was told to my co-defendant to convince her to testify against me."  Doc. 7-2, p. 14.  The State

filed a response in opposition to Devore's motion to withdraw plea.  Doc. 7-2, pp. 16-19.  On

---

[2] The sentencing entry was docketed on August 7, 2013.  Doc. 7-2, p. 10.

September 24, 2013, the trial court overruled Devore's motion to withdraw his guilty plea.  Doc. 7-2, pp. 20-23.

**C.      Motion for Delayed Appeal of Conviction and Sentence**

On December 9, 2013, Devore, acting *pro se*, filed a notice of appeal of the August 7, 2013, judgment entry along with a Motion for Delayed Appeal.  Doc. 7-2, pp. 24-31 (Case No. 13 CA 109).  As reason for seeking leave to file a delayed appeal, Devore stated that he thought his attorney was going to be filing a notice of appeal on his behalf.  Doc. 7-2, p. 26.  Devore contended that he sought and ultimately received a copy of his August 7, 2013, sentencing journal entry on November 19, 2013.  Doc. 7-2, p. 26.  Upon receipt of the journal entry, he argued that he diligently sought to prepare and file his request for a delayed appeal.  Doc. 7-2, p. 26.  On January 21, 2014, the Fifth District Court of Appeals considered but denied Devore's motion to file a delayed appeal.  Doc. 7-2, pp. 32-33.  On April 16, 2014, Devore, acting *pro se*, filed a notice of appeal with the Supreme Court of Ohio from the Fifth District Court of Appeals' January 21, 2014, denial of his motion to leave to file a delayed appeal (Doc. 7-2, pp. 34-35) along with a motion for leave to file a delayed appeal and memorandum in support of jurisdiction (Doc. 7-2, pp. 36-46).  Devore argued that he did not file his appeal within the 45-day time period due to improper processing of his court filings by the prison.  Doc. 7-2, pp. 37-38.  On May 28, 2014, the Supreme Court of Ohio denied Devore's motion for a delayed appeal and dismissed his case.  Doc. 7-2, p. 47 (May 28, 2014, Entry, Case No. 2014-0600).

**D.      Post-conviction Requests**

On January 30, 2014, Devore, acting *pro se*, filed a petition for post-conviction relief pursuant to O.R.C. § 2953.21.  Doc. 7-2, pp. 48-50.  Devore raised the following grounds for relief, based on claims of prosecutorial misconduct in violation of the 5th and 14th Amendments

of the United States Constitution and ineffective assistance of counsel in violation of the 6th

Amendment of the United States Constitution and Ohio Constitution Art. Sec. 10:

1. Self incrimination – US6 Ineffective Assistant of Counsel Attorney Potts was asked to put in motion for continuance to gather more facts in the case, so he could have a better defense for client.  Attorney Potts declined and proceded to take client to trial wityhin 18 days of first meeting client.  Attorney was ineffective for not filing motion for continuance as requested by defendant.

2. Attorney Potts was asked to file a motion to have client's phone records revealed so it could be proven that victim was not stalked nor was afraid for her life and it would approved the victim was sending nude photos and wanting to come to client's house during the time she claimed to be afraid.  Attorney was ineffective for not filing motion for evidence per request that was in client's favor.

3. Attorney Potts was asked to recall victim and co-defendant to the stand so that certain questions could have been asked whether the defendant was going to harm the victim, whether defendant apologized to victim, whether was trying to come over to defendant's house, during time victim claims she was afraid.  Whether there was letters that Prosecutor failed to mention that said "no one was going to touch or harm victim".   Whether anyone called, relayed messages or threaten or harmed victim or did victim ever hear anything about ever being harmed excepted what the Prosecutor told her.  Attorney Potts was ineffective (under U.S. 6) to have a compulsory process to procure witnesses in defendant's favor.

4. During pre-trial hearing the Prosecutor kept bringing up a crime that I never got charged with, Attorney Potts was asked if that was legal, and was asked to object.  But Attorney Potts said nothing and Prosecutor kept using it and even told co-defendant that I was a murder before they testified against Me and That they needed protection because I was a murder.  Which is illegal and violated my rights, and those statements played a big role at my sentencing.  Attorney was ineffective for allowing those statements to happen.  (U.S. 6) Napue v. Illinois, 360 US 264, 1959.  Ohio Consti. Article Section 10. (US 5 & 14).

5. Attorney Potts was asked to file for mistrial once it was discovered that myself and co-defendant was in constant communication and had been passing letter through another inmate.  Attorney Potts advice me to take a plea or I would be getting 15 to 20 years.  So it was in my best interest to take a plea.  Attorney Potts was told I didn't want to take a plea.  Again Attorney Potts adviced I would be getting 15 to 20 years.  Attorney, ineffective for fail to have compulsory process to work in the defendant's best interest.  Self

incrimination – US 6 ineffective assistant of counsel.  Napue v. Illinois, 360 US 264 (1959) (US 5 & 14)

6. Prosecutor tried to cohearst co-defendants into saying that the defendant was a violent person and insinuated that the defendant was violent towards her and the defendant was a bad guy.  Napue v. Illinois, 360 US 264, (1959). (US 5 & 14).

Doc. 7-2, pp. 49-50.  On February 4, 2014, the State file a response opposing Devore's petition and a motion for summary judgment, arguing that Devore had failed to establish any prejudice or any grounds for relief; failed to support his petition with a proper affidavit; and failed to previously appeal any claim of ineffective assistance of counsel and therefore his claims were barred by res judicata.  Doc. 7-2, pp. 51-62.  Devore filed a reply in response to the State's opposition with an affidavit from Devore in support of his grounds for relief. Doc. 7-2, pp. 63-71.  The affidavit was not notarized.  Doc. 7-2, p. 71.  Subsequently, on February 24, 2014, Devore filed a notarized affidavit.  Doc. 7-2, p. 72.  On March 26, 2014, Devore filed a Response & Summation for Summary Judgment (Post-Conviction Relief).  Doc. 7-2, pp. 73-81.  In his summation, he restated his earlier arguments and also argued that his sentence was unfair and too harsh.  Doc. 7-2, pp. 75, 76-77, 79-81.

While Devore's petition for post-conviction relief was pending, on April 7, 2014, Devore filed a Plea Sentence Error, arguing that his sentence was in excess of an agreed upon sentence and requested that the trial court allow the "original plea of three (3) years with concurrent sentences."  Doc. 7-2, pp. 82-83.  On April 22, 2014, the State filed an opposition to Devore's request to vacate his sentence and resentence Devore to an alleged agreed upon sentence of 3 years, arguing that the request was groundless because the Admission of Guilt/Judgment Entry form reflected the maximum sentence and stated that the "Parties to argue sentence."  Doc. 7-2,

pp. 84-85.  Devore filed another Plea Sentence Error on May 13, 2014, arguing again that his sentence should be 3 years.  Doc. 7-2, pp. 86-87.

On May 19, 2014, Devore filed a post-conviction relief supplement/modification.  Doc. 7-2, pp. 88-103.  Devore indicated that his request was supported by "a sworn statement by someone who was involved with the defendant who knows facts about the case and what really happen."  Doc. 7-2, p. 93.  An unsigned hand-written statement is attached to Devore's May 19, 2014, filing.  Doc. 7-2, pp. 96-102.  Respondent states that the affidavit was from Devore's co-defendant Lori Cortez-White.  Doc. 7, p. 7.

On June 16, 2014, Devore filed a motion for correction of sentence with the trial court.  Doc. 7-2, pp. 104-113.  Devore argued that the trial court abused its discretion by imposing consecutive sentences and maximum sentences.  Doc. 7-2, pp. 109-112.  The State filed a response, arguing that the motion was in essence a successive petition for post-conviction relief and/or the issues raised in the motion could have been raised in a direct appeal but were not and therefore were barred by res judicata.  Doc. 7-2, pp. 114-117.

On July 16, 2014, the trial court entered a Judgment Entry Overruling Various Motions of the Defendant.  Doc. 7-2, pp. 118-124.  In that Judgment Entry, the trial court overruled Devore's January 30, 2014, petition for post-conviction relied; his April 7, 2014, plea sentence error;[3] and his June 16, 2014, motion to correct sentence.  Doc. 7-2, p. 124.  The trial court overruled the motions for various reasons,[4] including that his attack on his guilty plea was barred by res judicata.  Doc. 7-2, p. 121.  The trial court indicated that Devore had already filed a

---

[3] The trial court deemed Devore's May 13, 2014, filing regarding the alleged plea sentence error a rebuttal to the State's opposition.  Doc. 7-2, p. 118.

[4] The trial court found that the post-conviction petition was not timely filed.  Doc. 7-2, pp. 119-120. Respondent states she is not certain how this conclusion was reached.  Doc. 7, p. 8, n. 5.  However, as Respondent points out, the motions were overruled for a number of other reasons.  Doc. 7, p. 8.  Also, Devore does not take issue with this particular finding by the trial court.

motion to withdraw his guilty plea and that that motion had been overruled.  Doc. 7-2, p. 121.

Since an appeal could have been taken from that ruling, the trial court reasoned that Devore

could only seek post-conviction relief based on material outside the record but he had submitted

unsworn statements and had failed to even allege that he had even brought the issues of

ineffectiveness to his counsel's attention or that he had been misinformed about the nature of the

charges and consequences of his plea.  Doc. 7-2, pp. 121-122.  Also, the trial court found that the

guilty plea waiver reflected that he had full understanding of the charge and consequences of the

guilty plea and the trial court's plea colloquy demonstrated Devore was aware of the rights he

was waiving and he acknowledged reviewing the written plea form with his attorney and had no

questions.  Doc. 7-2, p. 122.  Further, the trial court indicated that the record failed to reflect any

agreement that the sentence would be three years and that the transcript reflected that the issue of

whether there had been promises had been addressed.  Doc. 7-2, p. 123.  Since Devore would

have been aware of any issues concerning his sentence at the time of sentencing, the trial court

concluded that any of those issues should have been reviewed on direct appeal, not in post-

conviction proceedings.   Doc. 7-2, pp. 123.

On August 4, 2014, Devore filed a Motion for Appeal for Sentence Contrary to Law

Pursuant to 2953.08(1)(B) with the trial court.  Doc. 7-2, pp. 125-135.  On August 8, 2014, the

trial court overruled Devore's motion based on lack of jurisdiction, finding that the motion was

improperly filed with the sentencing court as opposed to the appellate court.  Doc. 7-2, pp. 136-

137.

On August 12, 2014, Devore filed two notices of appeal with the Fifth District Court of

Appeals.  Doc. 7-2, p. 138 (Case No. 14 CA 68); Doc. 7-2, pp. 139-179[5] (Case No. 14 CA 69).

On October 9, 2014, the Fifth District Court of Appeals dismissed the second appeal (Case No.

---

[5] Devore attached various documents to the notice of appeal filed in Case No. 14 CA 69.  Doc. 7-2, pp. 140-179.

14 CA 69) as being a duplicate of the first appeal since both related to the trial court's July 16, 2014, order overruling various motions.  Doc. 7-2, p. 180.  On November 10, 2014, the Fifth District Court of Appeals dismissed Devore's appeal (Case No. 14 CA 68) for want of prosecution because no Appellant's brief was filed.  Doc. 7-2, p. 181.  Devore did not appeal to the Supreme Court of Ohio.

On December 1, 2014, Devore filed another motion arguing that his sentence was contrary to law.  Doc. 7-2, pp. 182-185.  On January 21, 2015, Devore filed a request with the trial court for a meeting in chambers with the prosecutor and court "to correct plea as stated in records for plea of (3) three years."  Doc. 7-2, pp. 186-187.  On March 4, 2015, the trial court overruled Devore's motion for an in chambers meeting. Doc. 7-2, p. 188.    On April 1, 2015, Devore filed a notice of appeal with the Fifth District Court of Appeals (Doc. 7-2, pp. 189-203) (Case No. 15 CA 22) raising the following assignments of error:

1. Fair Trial; Due Process; Equal Protection Appellant by procedure of plea agreed to procedure of (3) three years incarceration.  The court enhanced beyond lesser included sentence of concurrent sentence by plea negotiation.  The court intervien and set plea; gave allowance of prior allegations no sentence; gave institutions to the Office of the Prosecutor; the Office of the Public Defender; and inserted the plea the court would give prior to sentence.  Fifth amend. U.S.C.; Hudson v. U.S. 522 US 93, State v. Raber 982 N.E.2d 684; State v. Pierson 1998 Ohio 3812.

2. Evidence of promiscuous photographs, letters, and phone calls were evidence to be sustain by the court.  The effective counsel refused to request expert witness from the office of the prosecutor validate, "lack of fear of." the victim and the victim continued desire of appellant.  The court being knowledgeable denied to reduce in sentencing the collusion of the victim; Office of the Prosecutor; Effective counsel that favorable evidence could dec4rdase sentence by one year.  The court gave its own plea structure, evidence for pleas, sentence of plea.   The court violation is proceeding beyond the procedure of plea procedure.  State v. Jones 754 N.E.2s 1252; State v. Snyder 2002-Ohio-3756; 848 N.E.2d 496; 852 N.E.2d 706 at 18.

3. Effective Counsel failure to object to illegal procedure of the court, "establishing criminal acts not of allegation; setting instructions to the plea;

giving the conditions for the plea; issuing sentence of plea, the court negotiated.  The effective counsel failed to raise objection when, "Office of the Prosecutor by representation client," victim asserted, "promiscuous photographs, letters, phone calls," to Defendant, "to state," fear is not apparent and allegation by plea to be 3 years with other allegations gain while imprisoned to be 2 years for 3 years concurrent to 2 years for 3 years incarcerated." As long as some incarceration sentence is served."  The opinion of the Office of the Prosecutor.

Doc. 7-2, pp. 194-195.[6]

On September 2, 2015,[7] the Fifth District Court of Appeals affirmed the trial court's order of March 4, 2015.  Doc. 7-2, pp. 204-211.  In addressing Devore's assignments of error, the Fifth District Court of Appeals stated:

{¶ 18} Appellant, in his three assignments of error, argues that his sentence was not in accordance with the plea agreement and that his trial counsel was ineffective during sentencing.

{¶ 19} As an initial matter, we note that appellant is appealing from the trial court's March 4, 2015 denial of his request for an in chambers meeting. Appellant has not raised any assignments of error relating to the same. Rather, appellant appears to be appealing from the trial court's July 16, 2014 Judgment Entry overruling various motions. An appeal as to that entry is untimely, as the time within which an appeal must be filed is thirty days pursuant to App.R. 4(A).

{¶ 20} Moreover, assuming, arguendo, that appellant's appeal is timely, we find that the issues raised by appellant in his three assignments of error are barred by the doctrine of res judicata. Appellant had the opportunity to raise the claims that he now sets forth in the instant appeal or in one of his previous appeals. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in

---

[6] On May 13, 2015, the Fifth District Court of Appeals dismissed Devore's appeal for failure to prosecute because he failed to file a complete docketing statement as ordered by the court. *See* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2015/0973 (6/24/2015 Motion to Dismiss setting forth procedural history).  Devore filed an appeal to the Supreme Court of Ohio from the May 13, 2015, dismissal. *Id.* While the appeal was pending, at the request of Devore, the Fifth District Court of Appeals reinstated the appeal. *Id.* The State thereafter moved for dismissal of Devore's appeal to the Supreme Court of Ohio. *Id.* On September 16, 2015, the Supreme Court of Ohio declined jurisdiction over Devore's appeal and denied as moot the State's motion to dismiss.  http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2015/0973 (September 16, 2015, Entry, Case No. 2015-0973).

[7] The Opinion was journalized on September 8, 2015.  Doc. 7-2, p. 204.

any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.* at paragraph 8 of the syllabus.

{¶ 21} Appellant's three assignments of error are, therefore, overruled.

{¶ 22} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

*State v. Devore*, 2015-Ohio-3599, ¶¶ 18-22, 2015 WL 5158697, * 3 (Oh. App. Sept. 2, 2015); Doc. 7-2, pp. 209-210.

Devore did not appeal the Fifth District Court of Appeals' September 2, 2015, decision to the Supreme Court of Ohio.

**E. Federal Habeas Corpus**

On October 8, 2015, Devore, acting *pro se*, filed his habeas Petition asserting one ground for relief. Doc. 1. On January 7, 2016, Respondent filed a Return of Writ. Doc. 7. On January 25, 2016, Devore filed a Traverse. Doc. 8. Devore's ground for relief is discussed more fully below.

### III. Law and Analysis

**A. Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

## B.    Exhaustion and Procedural Default

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.[8]  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  Further, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

---

[8] In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.  *McMeans,* 228 F.3d at 681.

Additionally, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.*; *see also Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural

rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).   "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.[9] *Coleman*, 501 U.S. at 750.

## C.     Ground for Relief

Devore asserts only one ground for relief in his Petition, which is as follows:

**Ground One:** Art I section 10 note 34; Fair Trial; Due Process; Equal Protection, Art I section 10 note 35, Evidence; Criminal Procedure 11(F).  In the procedure of

---

[9] "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Coleman*, 501 U.S.  at 750.   "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Id.*   "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)

the court the State of Ohio violates its law 2943.04 to obeyed by the sign agreement and the statement of the underlying statement (agreement) of the open record of the court.  The state of Ohio in its court allowed enhancement of the agreement by not objecting or giving the court the copy of the signed agreement to review as the court agreed to sentence concurrent all allegations and sentence to incarceration of three years.

**Supporting Facts:** The court and the prosecutor had no agreement to amount of the sentence to be given and the agreed by records of the court sentence is three years.  The records of the Appellate agree to the fact the sentence is three years and the lower court the court of common pleas refused to give the proper sentence by plea.  The facts are the records of the court supporting the decision of the petitioner that no records indicate other than a three year agreement by the plea with the Office of the Prosecution allowing it wanted no more or less than time of incarceration, no definite term given.  The petitioner agreed to serve three years.  All proceedings of the office of the plea are by the records of the court.

Doc. 1, p. 4.

In Devore's sole ground for relief, it appears that he contends that the trial court improperly imposed a sentence greater than was agreed to as part of his plea.  As discussed more fully below, Devore's Petition should be dismissed and/or denied because he procedurally defaulted his claims in Ground One and/or because his claims in Ground One are not cognizable on federal habeas review.

Devore did not timely appeal his conviction and sentence and the state court of appeals denied his motion for leave to seek a delayed appeal.  Doc. 7-2, pp. 32-33.  Following denial of his leave to seek a delayed appeal, Devore failed to timely appeal to the Supreme Court of Ohio and his request for leave to file a delayed appeal with the Supreme Court of Ohio was also denied.  Doc. 7-2, p. 47.  Thus, since Devore failed to comply with state procedural rules regarding the timely filing of appeals and the state court enforced its procedural rules, Devore procedurally defaulted Ground One.  *See Maupin,* 785 F.2d at 138; *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (finding that "applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits" and, since the

petitioner did not present his claims to the state courts in accordance with the state's procedural rules, petitioner had procedurally defaulted his federal habeas claims).  In addition to failing to file a timely direct appeal, Devore did not appeal to the Supreme Court of Ohio from the state court of appeals' denial of his various post-conviction motions.  Accordingly, Devore's ground for relief is also procedurally defaulted based on his failure to seek relief at each level of review in the state courts.  *See  Baston*, 282 F.Supp.2d at 655 ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also Moreland*, 50 Ohio St.3d at 62 (failure to present a claim to a state court of appeals constituted a waiver).

In order to overcome his procedural default, Devore must demonstrate cause and prejudice for his procedural default or that failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.  However, Devore has failed to argue either cause or prejudice or a fundamental miscarriage of justice.  Nevertheless, to the extent Devore claims that prejudice or a fundamental miscarriage of justice will occur if his claim is not heard by this federal habeas court because the trial court imposed a sentence that was contrary to his plea agreement, his claim is unsupported by the record.  The record reflects that, during the plea hearing, the trial court asked Devore if anyone had promised him anything in exchange for his plea other than dismissal of the eight counts that Devore was not pleading guilty to.  Doc. 7-3, p. 15:5-7.  Devore responded, "No. Well, he promised he wouldn't ask for the maximum amount of time."  Doc. 7-3, p. 15:8-9.  The trial court inquired of the prosecutor as to whether that was correct and the prosecutor responded, "No such promise, Your Honor.  As I said to his attorney, typically I usually ask for a prison sentence, especially in his case, but without a specified number of years.  I did not promise him that I would not ask for the

maximum." Doc. 7-3, p. 15:10-15. Furthermore, as part of the signed Admission of Guilt/Judgment Entry, Devore acknowledged that the maximum sentence in his case was 15 years, 6 months and Devore acknowledged "parties to argue sentence." Doc. 7-2, pp. 8-9.

Further, even if Devore's ground for relief is not procedurally defaulted, his claim is not cognizable on federal habeas review because, no matter how Devore attempts to frame the issue, he is asking this federal habeas Court to rule on an issue of state law, i.e., imposition of sentence based on state law. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Garrett v. Miller*, 2012 WL 3989022, *3-4 (N.D. Ohio Aug. 13, 2012), *report and recommendation adopted*, 2012 WL 3989004 (N.D. Ohio Sept. 11, 2012) (citing *Howard v. White,* 2003 WL 22146139, at *2 (6th Cir. Sept.16, 2003)*; Kipen v. Renico,* 2003 WL 21130033 (6th Cir. May 14, 2003)*; Terry v. Trippett,* 62 F.3d 1418, 1995 WL 469424, at *1 (6th Cir.1995) (TABLE, text in WESTLAW) (citing *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) (per curiam)).

Additionally, a trial court's imposition of consecutive sentences does not implicate federal constitutional concerns. *See Oregon v. Ice*, 555 U.S. 160, 171 (2009); *see also Wilkins v. Warden, Chillicothe Correctional Inst.*, 2010 WL 5795505, * 19 (S.D. Ohio Sept. 2, 2010), *report and recommendation adopted*, 2011 WL 549916 (S.D. Ohio Feb. 8, 2011) (indicating that "the Supreme Court has made it clear that consecutive sentences may be imposed without implicating any concerns under the Sixth Amendment.") (citing *Ice*, 555 U.S. 160); *see also*

20

*Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (concluding that a petitioner's challenge to the aggregation of several sentences involved a matter of state law and was not cognizable in the federal habeas proceeding).  Moreover, "comparative proportionality [in the sentences imposed on a defendant and others who committed the same or similar crime] is not mandated by the Constitution."  *See United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003) (relying on *Pulley v. Harris*, 465 U.S. 37, 43-45 (1984)); *see also Ossman v .Erwin*, 2007 WL 2110494, * 5 (S.D. Ohio Jul. 13, 2007) ("[T]he mere disparity of a sentence even among co-defendants does not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants.") (quoting *Terry v. Trippett,* 62 F.3d 1418, unpublished, 1995 WL 469424 (6th Cir. August 7, 1995)).

Based on the foregoing, the undersigned concludes that Devore procedurally defaulted the sole ground for relief presented in his Petition and/or Ground One presents claims that are not cognizable on federal habeas review.[10]  Accordingly, Devore's Petition should be dismissed and/or denied.

---

[10] Respondent alternatively argues that Devore's claims in Ground One, including any claim that he did not enter into his plea knowingly or voluntarily, are without merit.  Doc. 7, pp. 20-21.  However, since Ground One is procedurally defaulted and/or presents a claim that is not cognizable on federal habeas review, the Court need not consider the merits of Ground One.

## IV.    Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** and/or **DENY** Devore's Petition as procedurally defaulted and/or not cognizable on federal habeas review (Doc. 1).

Dated: October 14, 2016

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).