UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES DEVORE,** | ) | CASE NO. 1:15 CV 2099 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHELE MILLER, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Kathleen B. Burke. (**Doc #: 9** ("R & R").) The Magistrate Judge recommends that the Court dismiss or deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by James Devore on October 8, 2015. (**Doc #: 1** ("Petition").)

The Petition alleges one ground for relief that the Magistrate Judge has fairly translated as contending that the state trial court improperly imposed a sentence greater than was agreed to as part of his guilty plea to fewer charges. The Court finds that the Magistrate Judge has accurately recounted the state court record. Based on that record, the Magistrate Judge has determined that, since Devore failed to comply with state procedural rules regarding the timely filing of appeals and the state court enforced its procedural rules, he has procedurally defaulted his sole ground for relief. The Magistrate Judge has also determined that Devore has procedurally defaulted his claim because he failed to seek relief at each level of review in the state courts.

Even if Devore could show cause and prejudice to excuse the procedural default, or a fundamental miscarriage of justice, the Magistrate Judge has concluded that his claim is unsupported by the record, specifically, the exchange that occurred at the sentencing hearing –

which the Court has reviewed and agrees. The Magistrate Judge has also correctly found that a state trial court's imposition of sentences based on state law does not implicate federal constitutional concerns.

Devore has filed an Objection to Report and Recommendation that accurately reflects the relevant case law concerning exhaustion and procedural default, and the standards for overcoming procedural default. (See **Doc #: 10** at 1-4.) He has failed, however, to show cause and prejudice excusing the default or a fundamental miscarriage of justice. Indeed, his discussion of the subject is nearly incomprehensible. For example, he asserts,

> Petitioner in the argument and the records of the trial court,Fifth Appellate District Court, Richland County, Ohio, Ohio Supreme Court, and the records submitted to the Federal District Court allows, Article One Section 10 Note 34 Fair Trial in the proceedings before the Magistrate the a plea was made to serve a stipulated sentence and the Court of Common Pleas of Richland County, Ohio overstep its jurisdiction by not allowing the jurisdiction of the Municipal Court of Mansfield, Ohio to proceed in the probation violation of the Petitioner and added the six month violation to be the hearing in the plea process and violated a Fair Trial by plea in Case No.: 0237d Judge Deweese 2013 Aug 7 AM 10:11 in Sentencing Entry removing the plea agreement and stating the terms were to be consecutive of events not of the subject matter of the Court of Common Please concerning issues of the Municipal Court of the City of Mansfield, Ohio, violating," Ohio revise code 1901.02 note 7 Subject matter, jurisdiction.

(Id. at 4.)

Because the record shows that Devore has procedurally defaulted his one ground for relief and he has failed to show cause and prejudice excusing the default or a fundamental miscarriage of justice, the Court **OVERRULES** his Objection (**Doc #: 10**); **ADOPTS IN FULL** the R & R (**Doc #: 9**), and **DISMISSES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

                                       /s/ Dan A. Polster    11/18/2016
                                       **Dan Aaron Polster**
                                       **United States District Judge**